```
                    FILED
              CLERK, U.S. DISTRICT COURT

                   JUL 2 0 2005

              CENTRAL DISTRICT OF CALIFORNIA
              BY                      DEPUTY
```

Priority ✓
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| JASON TROMLEY,          ) | No. CV 04-07745-VBK |
|                         ) | |
|            Plaintiff,   ) | MEMORANDUM OPINION |
|                         ) | AND ORDER |
|     v.                  ) | |
|                         ) | (Social Security Case) |
| JO ANNE B. BARNHART,    ) | |
| Commissioner of Social  ) | |
| Security,               ) | |
|                         ) | |
|            Defendant.   ) | |

   This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner ("AR"). The parties have filed their pleadings and supporting memoranda, and the Commissioner has filed the certified AR. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

   The ALJ's decision acknowledges that, "the objective medical

evidence shows that the [Plaintiff] has a long history of psychiatric problems." (AR 15.)  The ALJ's review and resolution of the medical evidence in the record led him to conclude, at Step Five of the sequential evaluation process, that Plaintiff was not disabled. (AR 19, Finding 11.)  Plaintiff disagrees, and asserts that the ALJ's evaluation of the medical evidence, and in particular, of the opinions of his treating sources, was legally incorrect and constitutes grounds for reversal.  The Court disagrees.

Plaintiff notes that on November 4, 2001, he was admitted to the emergency room for psychiatric evaluation at Harbor-UCLA, and that he continued to receive treatment at that facility through at least March 2003.  Plaintiff asserts that the ALJ failed to even address the opinions rendered during this period of time by this medical source (Motion at 5); however, the record indicates to the contrary. (AR 15, at ¶ 4.)

Plaintiff further asserts that neuropsychological testing performed in January 2002 by Dr. Faye provides evidentiary support for his argument that he is disabled. (Motion at 5, AR 165-169.)  While Plaintiff focuses on a portion of Dr. Faye's report which contains her opinions as to Plaintiff's employability, the ALJ was not obligated to accept her report in toto.  Indeed, the ALJ summarized the core of Dr. Faye's conclusions, based on her testing.  Dr. Faye concluded that Plaintiff "has intact cognitive ability with some cognitive deficiencies including difficulties in response inhibition, mental speed, problem solving skills, and motor dexterity, a pattern of performance frequently found is psychotic individuals." (AR 169.)  Plaintiff fails to discuss the psychological evaluation of Dr. Riahinejad, performed on July 21, 2003, at the request of the

Department of Social Services, which concluded, in pertinent part, by noting that,

> "The [Plaintiff's] ability to function in a typical work setting is not impaired. His reasoning capacities are adequate. Attention and concentration are adequate.
>
> The [Plaintiff] may have problem [sic] relating adequately with others due to his personality disorder. He relates adequately to authority figures as demonstrated by his behavior with this evaluator."

(AR 227.)

This testing result was noted by the ALJ in his decision. (AR 15.) The ALJ concluded that these results were not inconsistent with Dr. Faye's conclusions (see id.), and Plaintiff fails to tell the Court why this important conclusion is erroneous.

Plaintiff places substantial reliance on the evaluation of Dr. Mendoza conducted on July 28, 2002. (AR 161-164.) Plaintiff contends that the ALJ erred in rejecting Dr. Mendoza's conclusions because of what he characterizes as minor inconsistencies in the report. Indeed, the ALJ focused substantial attention of Dr. Mendoza's report. (AR 16.) He correctly noted substantial errors in the underpinnings of the report. For example, Dr. Mendoza asserted that Plaintiff had been unable to work since December 2000, but as the ALJ noted, Plaintiff worked until November 2001. Dr. Mendoza made errors with regard to Plaintiff's enrollment in special education in school, which in fact was intermittent, and not more continuous, as Dr. Mendoza asserted. Significantly, the ALJ pointed out that Dr. Mendoza's conclusion that Plaintiff had anoxic brain damage at birth, leading to a cognitive

defect that would preclude work, was an exaggerated opinion which conflicted with cognitive testing performed by Dr. Brauer-Boone, in conjunction with Dr. Faye's report. The ALJ also properly noted that Plaintiff had a history of 13 years of work, including seven years of substantial gainful activity at semi-skilled work. The ALJ noted that Dr. Mendoza's estimate of Plaintiff's IQ was made without checking the psychological testing which showed that he had a significantly higher test result. The ALJ noted that while Dr. Mendoza asserted that Plaintiff had not abused drugs since November 4, 2001, there was no evidence of the truth of this, and in fact, Plaintiff had admitted to Dr. Faye that he drinks alcohol on weekends. Considering all of these inconsistencies, which reflect an apparent lack of knowledge of Plaintiff's history, the ALJ did not err in concluding that Dr. Mendoza's report was persuasive in demonstrating that Plaintiff has severe mental problems, but it was exaggerated on the negative side. (AR 16.)

Finally, the ALJ's objectivity is underscored by his evaluation of the conclusions of Dr. Paculdo, who performed a psychological consultative evaluation on June 26, 2002. (AR 15-16.) The ALJ diminished his reliance on Dr. Paculdo's findings because she did not have medical records to review, and, with regard to her conclusions that Plaintiff had a general assessment of functioning ("GAF") of 70, and no significant functional limitations, he determined that "this report may show [Plaintiff's] appearance on a good day, but failed to take into account ongoing personality disorders." (AR 16.)

In sum, the Court concludes that the ALJ's evaluation of the medical evidence, from treating sources to consultative opinions, reflects a proper summary of the facts and resolution of clearly

conflicting clinical evidence. See <u>Magallanes v. Bowen</u>, 881 F.2d 747, 755 (9th Cir. 1989). Thus, the reasons the ALJ provided for rejecting certain portions of these opinions was legitimate and specific, and, certainly, reflected an overall evaluation of the evidence, and a reliance on proper reasons for diminishing the credibility and reliability of certain of the findings. The ALJ determined Plaintiff's residual functional capacity ("RFC") based on an objective evaluation of all of the evidence. Thus, the Court finds no error in the ALJ's determination that at Step Five, there is significant work available to Plaintiff, thus rendering him not under a disability.

For the foregoing reasons, the Court affirms the decision of the Commissioner.

**IT IS SO ORDERED.**

DATED: 7-20-05

VICTOR B. KENTON
UNITED STATES Magistrate Judge